IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALONZO MORRIS, | § | |
| | § | No. 264, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Count Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1206005058 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  March 13, 2023
Decided:    May 25, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Alonzo Morris, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Morris's opening brief that his appeal is without merit. We agree and affirm.

(2)    On October 24, 2012, Morris, who was serving a twenty-seven-year prison sentence for possession of a deadly weapon during the commission of a felony (PDWDCF) and first-degree assault, pleaded guilty to one count of promoting prison contraband. On January 1, 2013, the Superior Court granted the State's motion to

declare Morris a habitual offender under then-extant 11 *Del. C.* § 4214(a) (the "habitual-offender motion") and sentenced Morris to four months of incarceration with no probation to follow.  Morris did not appeal.

(3)    Almost ten years later, on June 8, 2022, Morris filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a).  The Superior Court denied the motion, and this appeal followed.

(4)    We review the denial of a motion for correction of illegal sentence for abuse of discretion.[1]  To the extent a claim involves a question of law, we review the claim *de novo*.[2]  A motion to correct an illegal sentence may be filed at any time.[3] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5)    In his opening brief on appeal, Morris argues, as he did below, that his sentence is illegal because (i) the court had an obligation under Superior Court Criminal Rule 11(c) to inform Morris during the guilty-plea colloquy that Morris

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] Del. Super. Ct. Crim. R. 35(a).
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

was forfeiting the good-time credit that he had earned while serving his sentence for PDWDCF and assault by pleading guilty; and (ii) because Morris had not completed his sentence for PDWDCF and assault (the third set of convictions that formed the basis of the State's habitual-offender motion), the Superior Court impermissibly relied on those convictions to declare him a habitual offender. Morris's arguments are unavailing.

(6)     First, as the Superior Court correctly observed, Morris's good-time credits were revoked by statute,[5] and their forfeiture was not a term of Morris's sentence for promoting prison contraband that the Superior Court was required to review with Morris before accepting his guilty plea. Second, the habitual-offender statute does not require that the defendant *complete* his sentence for a predicate conviction before the conviction may be used to enhance his sentence—it requires only that the predicate convictions be successive and that the defendant have some opportunity for rehabilitation after each sentencing.[6] In any event, Morris's four-month sentence for promoting prison contraband, a Class F felony under the circumstances here, is well below the statutory maximum penalty of three years

---

[5] 11 Del. C. § 4382(a) (2012) ("Any person subject to the custody of the Department at Level VI or V shall, upon the conviction of any crime during the term of the sentence, forfeit all good time accumulated to the date of the criminal cat; this forfeiture is not subject to suspension.").
[6] *Buckingham v. State*, 482 A.2d 327, 330-331 (Del. 1984) ("Under the [habitual-offender] statute…, three separate convictions are required, each successive to the other, with some chance for rehabilitation after each sentencing….").

(much less a life sentence) and is clearly legal, whether Morris was sentenced as a habitual offender or not.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[7] The plea agreement reflects that the parties agreed that Morris was subject to habitual-offender sentencing under Section 4214(a) (but not subject to a minimum-mandatory sentence of three years). Once the court granted the habitual-offender motion, the court could have imposed a sentence of up to life imprisonment.